IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHERI SNIPES,

      Plaintiff,

vs.

GREENBERG, STEIN & ASSOCIATES, LLC,

      Defendant.

No. CIV 10-314 MCE KJM

FINDINGS & RECOMMENDATIONS

Plaintiff's motion for default judgment was submitted on the papers. Upon review of the documents in support, no opposition having been filed, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

The complaint in this matter was served upon defendant on February 19, 2010.[1] Compare Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendant has not filed an answer. The clerk of the court entered default against defendant on July 9, 2010. Plaintiff's motion for

---

[1] The court notes another proof of service of summons was filed September 10, 2010 indicating service of summons on defendant Greenberg, Stein & Associates, LLC, against whom the pending motion for default judgment is sought. The filing is ambiguous in that the summons is not addressed to this defendant, but to the individual defendants. In any event, the time for answering the summons expired on September 14, 2010.

1

entry of default judgment was served by mail on defendant at defendant's last known address. Defendant filed no opposition to the motion for entry of default judgment.

      Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). Entry of default judgment is proper where, as in the present case, the facts established by the default support the causes of action pled in the complaint. The complaint and the affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief in the form of damages[2] as requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974). There are no policy considerations that preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (listing seven factors to be considered in determining entry of default judgment).

      In view of the foregoing findings, it is the recommendation of this court that plaintiff's motion for entry of default judgment be GRANTED and that judgment be entered against defendant Greenberg, Stein & Associates, LLC, for damages, attorneys' fees, and costs in the amount of $5,507.50.

      These findings and recommendations are submitted to the United States District Judge assigned to this action, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties

---

[2] Plaintiff also seeks $750.00 for anticipated collection costs but is not entitled to such costs under the statute. 15 U.S.C. § 1692k(a)(3); see Gervais v. O'Connell, Harris & Assoc., Inc., 297 F.Supp.2d 435, 440 n.1 (D. Conn. 2003) (court declined to allow anticipated collection costs).

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 23, 2010.

_____
U.S. MAGISTRATE JUDGE

006/snipes2.def